ANTHONY P. SGRO, ESQ.
Nevada State Bar No. 3811
STEPHEN K. LEWIS, ESQ.
Nevada Bar No. 7064
PATTI, SGRO & LEWIS
720 S. 7th Street, Third Floor
Las Vegas, Nevada 89101
(702) 385-9595  Telephone
(702) 386-2737  Facsimile
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| IDA MICHELLE SERECKY, | CASE NO.: 2:11-cv-00124-RLH-VCF |
| Plaintiff, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendants. | |

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING PERSONNEL FILE OF DENISE SMITH**

COMES NOW, Plaintiff IDA MICHELLE SERECKY, by and through her attorneys, the law firm of PATTI, SGRO & LEWIS, and Defendants UNITED STATES OF AMERICA by and through their attorney of record Daniel G. Bogden, United States Attorney, and hereby stipulate to the entry of a Protective Order governing the disclosure of information protected by the Privacy Act in the United States Post Office personnel file of Denise Smith.

The Parties agree that the United States will provide to the Plaintiff, in accordance with the Federal Rules of Civil Procedure, Denise Smith's personnel file, maintained by the United States Post Office, which is subject to the Privacy Act, 5 U.S.C. § 552a.  Information related to

Ms. Smith's social security number may be redacted prior to the file being produced. It is Plaintiff's responsibility to further redact all other Privacy Act information prior to disclosing to those persons listen in the following paragraph that may be assisting Plaintiff in the prosecution of this Action.

The parties agree that individuals who receive the information contained in Ms. Smith's personnel file for purposes of this litigation must be advised of the conditions of this order, and that any information disclosed by the United States pursuant to this order shall be returned to counsel for the United States within two weeks of the termination of this litigation. Documents or information disclosed under this protective order shall be used only for purposes of the prosecution or defense of this Action, and shall be shown only to the parties and their agents; the parties' attorneys; the attorneys' staff, including their clerks, paraprofessionals, secretarial personnel and clerical personnel; qualified persons taking testimony involving such information, including necessary stenographic and videotape personnel; and the individuals, consultants and experts retained by a party's attorney to assist in the party's evaluation, preparation or provision of testimony in the Action. All such persons shall be bound by all terms of this Order. Counsel for the respective parties shall be responsible for explaining all duties and responsibilities hereunder, and providing a copy of this Order to each person who is to receive protected material pursuant to this Order prior to disclosing any protected material to such person.

Irrespective of the foregoing provisions of this stipulation, under no circumstances shall protected material be knowingly disclosed to any entity other than a party to this Action that has or may have any claim against any party, or any affiliates of any party, to this Action.

Within 30 days after final conclusion of all aspects of this litigation, all protected material – including all copies, summaries, or references thereto in the possession of any person – shall be destroyed or returned to the producing party. Counsel for each party shall be responsible for ensuring that all protected material is returned and destroyed, and shall certify compliance with this requirement if requested to do so.

In the event that protected information is attached to or discussed in a deposition transcript, counsel for each party will ensure that (1) the persons to whom the transcript and protected

information are provided are only those persons as provided above and that (2) those persons comply with the provisions contained in this Order.

In the event that any party or person bound by this Order is served with (1) a subpoena in an action other than this Action, or (2) requests for production of documents, interrogatories, or any other type of formal or informal demand in an action other than this Action to which he or she is a party, or (3) any other legal process or paper by one not a party to this Action seeking or requesting disclosure of protected information subject to this Order, that person shall give prompt written notice of such event to counsel of record for the party who originally produced the requested information and shall object to its production. Upon receipt of written notice, counsel for the United States shall advise the person who is to respond to the subpoena, demand or other legal process of the United States' position. Thereafter, the United States shall assume responsibility for preserving and prosecuting any objection to the subpoena, demand or other legal process. The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the information.

Should the person seeking access to information subject to this Order take action to enforce such a subpoena, demand, or other legal process, the person so served shall set forth in his or her response the existence of this Order. Nothing herein shall be construed as requiring the person served to challenge or appeal any order requiring production of information subject to this Order, to submit to any penalties for noncompliance with any legal process or order, or to seek any relief from any Court.

~~Any document or pleading filed with the Court that contains or refers to information protected by this Order shall be filed under seal in an envelope bearing the title of the case, the title of the document, and a notation: "CONFIDENTIAL – SUBJECT TO AGREEMENT REGARDING NONDISCLOSURE: TO BE OPENED ONLY BY THE COURT FOR ITS REVIEW AND TO THEN BE RESEALED."~~

///
///
///
///

Nothing in this Order, and no action taken pursuant to it, shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, any additional protection with respect to the discoverability or confidentiality of documents or other information, or right of any party to contest the alleged relevance, admissibility or discoverability of any documents or information, whether or not subject to this Order.

IT IS SO STIPULATED:

DATED this 23rd day of March 2012.          DATED this 23rd day of March, 2012

PATTI, SGRO & LEWIS                          UNITED STATES ATTORNEYS

_/S/ Anthony P. Sgro_____                  _/S/ Justin E. Pingel_____
PATTI, SGRO & LEWIS                          DANIEL G. BOGDEN
ANTHONY P. SGRO, ESQ.                        United States Attorney
Nevada State Bar No. 3811                    JUSTIN E. PINGEL
STEPHEN K. LEWIS, ESQ.                       Nevada Bar No. 10186
Nevada Bar No. 7064                          Assistant United States Attorney
720 S. 7th Street, Third Floor               333 Las Vegas Blvd, South, Suite 5000
Las Vegas, Nevada 89101                      Las Vegas, NV 89101
(702) 385-9595  Telephone                    *Attorneys for Defendant*
(702) 386-2737  Facsimile
*Attorneys for Plaintiff*

IT IS SO ORDERED.

Dated: __3-26_____ 2012

_____
**UNITED STATES DISTRICT COURT JUDGE**

*Respectfully Submitted By*:

PATTI, SGRO & LEWIS

_/S/ Anthony P. Sgro_____
ANTHONY P. SGRO, ESQ.
Nevada State Bar No. 3811
720 S. 7th Street, Third Floor
Las Vegas, Nevada 89101
(702) 386-2737  Facsimile
*Attorneys for Plaintiff*